## VOLUME 67,

AND

## New York State Reporter,

## VOLUME 101.

---

(54 App. Div. 564.)

### FLINN v. WORLD'S DISPENSARY MEDICAL ASS'N et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

MASTER AND SERVANT—INJURY TO THIRD PERSON—NEGLIGENCE OF SERVANT—
    INSTRUCTIONS.
    An instruction that, if defendants' servant did not use such care as
was commensurate with the danger which might result from his act, then
plaintiff should recover, imposes too strict a degree of liability, since the
servant was bound to exercise only the degree of care that a person of
reasonable care and prudence would have exercised under the conditions
which, with such care, he saw or ought to have seen, and the instruction,
in effect, compelled the jury to find that, if danger existed, defendants
were liable for any accident which resulted.

Appeal from trial term, Kings county.

Action by Henry M. Flinn against the World's Dispensary Medi-
cal Association and another. From a judgment in favor of plaintiff,
the defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD,
and JENKS, JJ.

Frederic A. Ward, for appellants.
David Murray, for respondent.

PER CURIAM. The plaintiff, while in the employ of the New
York Times, was injured by the sudden and unexpected starting of
a printing press, caused by an electrical current, his hand being
caught and crushed between the rollers. The defendants had con-
tracted for the erection of certain electrical appliances connected
with the press, and the plaintiff claimed that the defendants' agent

was negligent in the performance of the work for which the defendants had contracted.

It is not necessary to state the facts more specifically, as the judgment must be reversed for an error in the charge. The court had fully and properly instructed the jury in the principal charge, and also in answer to requests of the defendants, upon the question of the care which the defendants were bound to use; but just at the close of the case the plaintiff's counsel, not content with the correct statement of the measure of the defendants' liability, requested the court to charge "that if Porter is found to be a servant of defendants, and did not use such care as was commensurate with the danger which might result from his act in dealing with electricity, then plaintiff should recover." The court so charged, and the defendants' counsel excepted. It is manifest that the instruction imposed too strict a liability on the defendants. The care which the servant was bound to exercise was not necessarily commensurate with the actual danger, as that would make the defendants' liability consequent upon the accident. He was bound to exercise only that degree of care which a person of reasonable care and prudence would have exercised under the conditions which, with such care, he saw or ought to have seen. Obedience to the charge compelled the jury to find that if there was danger, even though it was unknown to Porter, or by the use of reasonable caution and prudence could not have been known by him, the defendants were still liable for any accident which resulted. This error requires a reversal of the judgment.

Judgment and order reversed, and new trial granted, costs to abide the event.